**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07 CR 18 |
| | ) | |
| JOHN AMBROSE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The defendant has moved to dismiss Counts One and Two of the indictment.

**COUNT ONE**

Count One charges the defendant with stealing and converting, and conveying, "a thing of value [] in excess of $1000 of a department of the United States, namely, the United States Department of Justice," without stating what the thing of value was.  Defendant argues (primarily in his reply brief) that the failure to charge what the thing of value was renders Count One defective.  The court agrees.

The minimal requirements for a valid indictment are clearly established:

> The Fifth Amendment guarantees the right to an indictment
> by grand jury and serves as a bar to double jeopardy,
> while the Sixth Amendment guarantees that a defendant be
> informed of the charges against him. <u>United States v.
> Hinkle</u>, 637 F.2d 1154, 1157 (7th Cir. 1981).  These

> constitutional mandates establish three minimum requirements for an indictment. First, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. <u>United States v. Smith</u>, 230 F.3d 300, 305 (7th Cir. 2000).

<u>United States v. Anderson</u>, 280 F.3d 1121, 1124 (7th Cir. 2002).

Neither side has cited a case that discusses whether the indictment must specify what the "thing of value" is, nor have we been able to find such a case. In several of the cases we have found, the indictment contained language specifically describing the "thing of value." <u>See, e.g.</u>, <u>United States v. Fogel</u>, 901 F.2d 23, 25 (4th Cir. 1990) (indictment alleged that defendant converted "a thing of value of the United States . . . to wit, 126 trees and saplings"); <u>United States v. Prince</u>, 868 F.2d 1379, 1384 (5th Cir. 1989) (charging instrument alleged that defendant stole "a thing of value of the United States . . . or any agency thereof, to wit: $1,111,244.00 of federal funds"); <u>United States v. May</u>, 625 F.2d 186, 190 n.3 (8th Cir. 1980) (indictment alleged that defendant converted "property and other things of value . . . to-wit: [a description of the particular aircraft used and the aviation fuel required to operate it]").

We do not see how Count One, failing to specify the property the defendant is alleged to have converted and conveyed, informs the defendant of "the nature of the charges so that he may prepare

a defense," or provides a protection against double jeopardy. It simply does not "pin[] down the specific conduct at issue." <u>Anderson</u>, 280 F.3d at 1124. At trial, the government could offer proof of the conversion of <u>any</u> kind of Department of Justice property, and it would be covered by Count One.[1]

The government suggests that the nature of the property contemplated by Count One can be ascertained by reference to the recitation in Count Two. However, that will not work. Each count of the indictment "must stand on its own two feet" and is regarded as a separate indictment. <u>United States v. Conley</u>, 291 F.3d 464, 471 (7th Cir. 2002).

Defendants' motion to dismiss Count One of the indictment is allowed, and Count One will be dismissed.

## **COUNT TWO**

Before reaching the specific grounds raised by the defendant for dismissal of Count Two, we had our own question as to whether the statute defendant allegedly violated, 18 U.S.C. § 3521(b)(3), even applies to the conduct alleged. In an order dated June 25, 2007, we requested further briefing, and, after considering the briefs we are satisfied that the statute does apply. The matter is certainly not free from doubt, but piecing together the language of

---

[1] The parties argue the sufficiency of Count One largely in terms of whether 18 U.S.C. § 641 applies to intangible property. We agree with the government that it does, but that is a very different question than whether the indictment must specify <u>what</u> intangible property.

§ 3521(b)(1) and (b)(2), it can reasonably be argued that the Attorney General has, by regulation, appointed the United States Marshals Service to administer the Witness Protection Program and has thus necessarily communicated to deputy United States Marshals involved in the program information concerning protected persons. Subsection (b)(2) makes it a crime for anyone receiving such information knowingly to disclose it without authorization of the Attorney General. That is what the defendant is alleged to have done.

The problem, however, is that, as the defendant argues, the "information" he is charged with disclosing is not described in Count Two. This lack of specificity renders Count Two subject to the same criticism as Count One: the count fails to inform the defendant of the nature of the charge so that he may prepare a defense and fails to provide a predicate for a plea of double jeopardy should there be a future prosecution for the same offense. See Anderson, 280 F.3d at 1124. In its brief, the government goes into great detail about what it expects to prove at trial. But this is irrelevant to the sufficiency of the indictment.

Count Two is insufficient for failure to describe the information the defendant is alleged to have disclosed, and it must therefore be dismissed.

## **CONCLUSION**

The defendant's motions to dismiss Counts One and Two of the indictment are granted.


DATE:     July 30, 2007


ENTER:    _____
          John F. Grady, United States District Judge